UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Kei-Ard T. Bell,<br><br>           Plaintiff<br><br>  v.<br><br>Accessible Space Inc.,<br><br>           Defendant | Case No. 2:22-cv-00883-CDS-DJA<br><br>**Order Dismissing Action and Closing Case** |

      This case has laid dormant for over a year and a half. Plaintiff Kei-Ard T. Bell was notified that because of this lack of activity, his continued failure to prosecute would result in dismissal on May 9, 2024. Notice, ECF No. 9. That deadline has passed and Bell has not responded in any manner whatsoever.

      It is well established that district courts have the authority to dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. Fed. R. Civ. P. 41(b); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Malone*, 833 F.2d at 130; *Henderson*, 779 F.2d at 1423–24.

      The first three factors, the public's interest in expeditiously resolving this litigation, the court's interest in managing its docket, and the risk of prejudice to defendants, weigh in favor of dismissal. The Ninth Circuit has held that "[t]he public's interest in expeditious resolution of

litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Here, Bell has failed to engage with this case in any way since August of 2022. *See* Summons, ECF No. 7. And Bell failed to respond to the notice of intent to dismiss based on his failure to prosecute. This lack of response clearly suggests that he does not intend to litigate this case diligently or expeditiously. The court can discern no risk of prejudice to defendant Accessible Space as it appears that it was not properly served with a copy of the summons and complaint. *See* ECF No. 8.

The fourth factor, the public policy favoring disposition of cases on their merits, weighs against dismissal. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d at 1228. So, the fourth factor is greatly outweighed.

The fifth factor, the availability of less drastic sanctions, also weighs in favor of dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. A court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Such warning was given here. *See* Notice, ECF No. 9. Thus, the fifth factor favors dismissal.

In sum, the factors weigh in favor of dismissal. Considering the dismissal factors and Local Rule 41-1, which allows for the dismissal of civil actions pending for more than 270 days without any proceeding of record, I find that dismissal is warranted. Bell has abandoned his prosecution of this matter. It is therefore ordered that Bell's claims are dismissed without prejudice. The Clerk of Court is kindly directed to close this case.

Dated: May 14, 2024

_____
Cristina D. Silva
United States District Judge

2